**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBER STRINI, et al.,

                             Plaintiffs,

      v.                                           No. 05-CV-440
                                                            (GLS/DRH)

EDWARDS LIFESCIENCES CORPORATION
et al.,

                             Defendants.

---

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

# ORDER

In an order filed January 11, 2008, defendants Edwards Lifesciences Corporation, Edwards Lifesciences LLC, and Edwards Lifesciences (U.S.), Inc. (collectively "Edwards") were directed to disclose to plaintiffs Robert Strini and Terry Strini (collectively the "Strinis") certain documents to which Edwards had declined production in response to the Strinis' discovery demands. Docket No. 150 ("Order"). Presently pending is Edwards' motion for reconsideration of that order. Docket No. 154. The Strinis oppose the motion. Docket No. 157. For the reasons which follow, the motion for reconsideration is denied.[1]

---

[1] It must be noted that Edwards' motion here is but the latest in a series of its actions and inactions which have substantially delayed completion of discovery in this case. Edwards' conduct has led to a total of five compulsion orders against Edwards, three motions for reconsideration (all denied), one appeal and a stay pending that appeal. See Docket Nos. 33 (order compelling Edwards to served responses to the Strinis' discovery demands); 48 (order granting in major part the Strinis' request for a compulsion order); 74 (order granting the Strinis' request for a compulsion order), 75 (Edwards' motion for reconsideration), 80 (order denying reconsideration); 85 (order granting the Strinis' motion for a compulsion order), 86 (Edwards' motion for reconsideration), 87 (Edwards' appeal to the district court), 88 & 89 (Edwards' motions for a stay of the compulsion order), 90 (order granting stay pending appeal), 115 (district court order affirming compulsion order); 150 (order granting the Strinis' motion for a compulsion order), 154 (pending motion for reconsideration); see also Docket Nos. 91, 108, 139 & text orders entered July 3 & 25, 2007 (extended proceedings regarding discovery sought by both the Strinis and

To obtain reconsideration of an order, the moving party must demonstrate (1) an intervening change in the controlling law, (2) new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice.  See Wyatt v. Afzal, No. 9:04CV0837(LEK/DRH) , 2007 WL 952019, at *1 (N.D.N.Y. Mar. 27, 2007); Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y.1995) (McAvoy, C.J.) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).  Edwards seeks reconsideration under this standard on various grounds.

First, Edwards contends[2] that the documents ordered disclosed should somehow be judged by a different standard because they contain "confidential and highly sensitive information."  See, e.g., Marangas Decl. (Docket No. 154, pt. 2) at ¶ 13).[3]  There exists no provision excluding from discovery such information per se, however.  Rather, sensitive information may be protected from unnecessary disclosure through a protective order.  See

---

Edwards from non-party St. Peter's Hospital).  This contentious and dilatory approach to discovery constitutes the principal cause for the delays which have plagued this case and unnecessarily extended the time required to complete discovery.  See Docket Nos. 26 (Civil Case Management Plan of parties jointly requesting a discovery deadline of June 30, 2006), 29 (initial scheduling order establishing discovery deadline of June 1, 2006), 51 (order extending discovery deadline to February 1, 2007), (order extending the discovery deadline a second time to March 30, 2007), 140 (order extending discovery deadline a third time to February 1, 2008, twenty months after the original discovery deadline).

[2]The declarations submitted by Edwards in support of its motion repeat the legal arguments contained in its memoranda of law.  See Marangas Decl. at ¶¶ 11-32; Marangas Reply Affirm (Docket No.162, pt. 1) at ¶¶ 3-41. This violates the rules of this Court.  See N.D.N.Y.L.R. 7.1(a)(2) ("An affidavit must not contain legal arguments . . . ."). Nevertheless, Edwards' submissions on this motion have been considered in their entirety.

[3]Edwards also contends that these documents are "[p]rotected and [p]rivileged." Marangas Decl. at 4.  No particular "protection" or "privilege" is cited to support this claim, however.  Therefore, to the extent that Edwards asserts such a ground for reconsideration here, it is denied for Edwards' failure to meet its burden.

Fed. R. Civ. P. 26(c).  A stipulated protective order was entered in this case on March 1, 2006.  Docket No. 38.  The Order compelled disclosure of the documents in question under the protection of that order.  Order at 3. Thus, the documents have been granted all reasonable protection required in these circumstances and this ground fails to satisfy the requirements for reconsideration.[4]

Edwards next contends that on their face, the documents at issue have no bearing on any matters at issue in this case.  Marangas Decl. at ¶¶ 13-19.  This contention was considered and rejected in the Order and no matter not previously considered has been offered by Edwards.  Therefore, Edwards' motion on this ground is denied.

Edwards also contends that the Order could be misinterpreted to require Edwards to disclose other information beyond what Edwards believes relevant.  Marangas Decl. at ¶¶ 20-23.  First, however, the Order addresses the matters raised by the parties regarding those specific documents and on that particular record.  Considering what ruling might be made on other documents in the absence of an adequate record and, as here, a review of the documents in question requires pure speculation.  Second, discovery closes in five days.  See Docket No. 140 (extending discovery deadline to March 30, 2007).   It is now too late for further discovery demands to be made.  See Fed. R. Civ. P. 34(b)(2) (granting the responding party thirty days to serve responses to document demands); N.D.N.Y.L.R. 16.2 (discovery demands requiring response after the close of discovery will not be enforced).  Accordingly, this argument as well affords no basis for reconsideration.

---

[4]Edwards previously asserted the same contention in declining to produce other documents claimed to be sensitive and confidential.  That assertion was also rejected for the same reason.  See Compulsion Ord. (Docket No. 85) at 2-3, aff'd, Docket No. 115.  No different circumstance or result is presented here.

Finally, Edwards contends that because the Supreme Court has now decided a case which arguably denies the Strinis several of its claims, the documents at issue are irrelevant. Marangas Decl. at ¶¶ 24-31; see also Riegel v. Medtronic, Inc., 128 S. Ct. 999 (2008), affirming 451 F.3d 104 (2d Cir. 2006). Riegel holds that where Food and Drug Administration (FDA) approval procedures have established federal requirements, state common law claims of negligence, strict liability, and implied warranty against a manufacturer are preempted. Edwards contends that Riegel governs this case, its holding necessarily mandates judgment for Edwards on the Strinis claims for design defect, and it was clear error in the Order to compel disclosure based on that and related claims. Marangas Decl. at ¶ 26.

First, accepting Edwards' contention would require a determination of the merits of the Strinis' claims. Rulings on such dispositive issues are reserved to the district court. See 28 U.S.C. § 636(b)(1)(A). As the record presently stands, the Strinis' claims survive, Edwards joined the issues by filing an answer (Docket Nos. 9, 23), and discovery must proceed on all such claims unless and until they are removed from the case by a ruling from the district court. No such ruling has been entered here by the district court.[5] Thus, at this

---

[5] The district court's decision in Riegel, subsequently affirmed by the Second Circuit and the Supreme Court, had been filed on December 2, 2003. Riegel v. Medtronic, Inc., No. 99-CV-0649, 2003 WL 25556778 (N.D.N.Y. Dec. 2, 2003) (Kahn, J.). The complaint in this action was filed on April 8, 2005. Docket No. 1. Edwards moved to dismiss the complaint or, in the alternative, for summary judgment but did not assert preemption as a ground for its motion. Edwards Mem. of Law (Docket No. 10, pt. 6). The motion was denied. Docket No. 19. Edwards filed its answer on May 13, 2005. Docket No. 9; see also Docket No. 23. The Second Circuit decided Riegel on May 16, 2006 and the Supreme Court issued its decision on February 20, 2008. Despite opportunity to do so, Edwards has yet to file any dispositive motion asserting preemption of any of the Strinis' claims.

stage, all of the Strinis' claims remain at issue and constitute fair and relevant grounds for discovery.

Second, even assuming that the Strinis' claims have been narrowed by Riegel, their claims that Edwards negligently failed to comply with FDA-approved procedures appears to remain viable after Riegel.  The documents ordered disclosed may reasonably lead to the discovery of evidence that the procedures followed by Edwards failed to comply with the procedures approved by the FDA and breached express warranties. For the reasons stated in the Order, the documents ordered disclosed remain relevant to those issues within the meaning of Rule 26(b)(1).  Accordingly, Edwards' contention here fails to satisfy its burden for reconsideration.  The district court and Second Circuit decisions in Riegel were both known at the time of the Order and do not constitute an intervening change in prevailing law. Moreover, there is no showing of a clear error of law or manifest injustice since, even after Riegel, the documents ordered disclosed remain relevant to the Strinis' claims. Edwards' motion based on Riegel and federal preemption must, therefore, be denied.

WHEREFORE, it is hereby

**ORDERED** that Edwards' motion for reconsideration (Docket No. 154) is **DENIED** in all respects.

**IT IS SO ORDERED.**

DATED: March 26, 2008
       Albany, New York

David R. Homer
United States Magistrate Judge